■ In the Matter of BENNY CONIGLIO, Appellant, v ROBERT MITCHELL, as Superintendent of Eastern Correctional Facility, et al., Respondents. [603 NYS2d 93] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner is an inmate at Clinton Correctional Facility in Clinton County. The charges against him stem from the following. On July 7, 1991, petitioner was observed in the facility yard. After failing to obey an order of a correction officer to stop and being observed throwing away certain yellow papers, petitioner was charged with violating facility rule 106.10 (7 NYCRR 270.2 [B] [7] [i] [disobeying a direct order]) and rules 113.10 and 113.11 (7 NYCRR 270.2 [B] [14] [i], [ii] [possession of unauthorized items]). Petitioner was placed in special housing unit (hereinafter SHU), a urinalysis test was ordered of him and a drug test of the papers he threw away and which were retrieved by the correction officer. He was charged on July 9, 1991 with violating rule 113.12 (7 NYCRR 270.2 [B] [14] [iii] [possession of a controlled substance]) based on the positive drug testing of the papers retrieved from the yard. On July 10, 1991 petitioner was charged with a violation of rule 113.12 (7 NYCRR 270.2 [B] [14] [iii] [use of a controlled substance]) based on the urinalysis made.

The same Hearing Officer presided over the three disciplinary hearings. The hearing on the July 7, 1991 charges commenced on July 11, 1991 and petitioner was found guilty of possession of a weapon and guilty of failing to obey a direct order and possession of an altered item. He was given a penalty of 30 days' confinement in SHU and 30 days' loss of privileges.

The second hearing began on July 17, 1991 and petitioner was found guilty of possession of a controlled substance, given 12 months' confinement in SHU and 12 months' loss of privileges. This was modified to 180 days' SHU and loss of special privileges and six months' loss of yard time.

The third hearing commenced July 18, 1991 and petitioner was found guilty of use of a controlled substance, given a penalty of six months' confinement in SHU, six months' loss of good time and three months' loss of privileges, to be served consecutively.

Petitioner challenges the three tier III disciplinary determinations on a variety of grounds. He contends that the disciplinary proceedings were untimely commenced in violation of 7 NYCRR 251-5.1. The rule's time restraint of seven days to commence a hearing is inapplicable when an inmate is, as here, in SHU confinement due to the filing of a different misbehavior report. Petitioner was confined on July 7, 1991 as a result of a misbehavior report charging him with refusal to

obey a direct order. A hearing on that matter was commenced on July 11, 1991 and the others were subsequently held on July 17 and 18, 1991. Thus, no untimeliness in the presentation of disciplinary charges occurred.

Petitioner's allegations of inadequate inmate assistance is likewise not substantiated in the record. In order to succeed on such a claim, an inmate must show that prejudice resulted from any alleged deficiencies in assistance received (*Matter of Gonzalez v Mann*, 186 AD2d 876). We note that the officers here interviewed all witnesses requested by petitioner, they assisted petitioner by reading the charges and reports to him, and provided him with all documents he was entitled to. The record indicates that in the course of the proceedings petitioner demonstrated knowledge of the charges against him and the underlying facts, his witnesses were well prepared and he was able to present relevant questions, to raise objections and defenses. No prejudice has been shown.

We find no bias on the part of the Hearing Officer; petitioner's contention to the contrary is merely self-serving and without substantiation in the record. The Hearing Officer considered each charge in his possession separately and the record adequately supports his findings.

We find no merit to petitioner's attack on the chain of custody of the specimens tested. The information set forth on the forms used was complete and accurate. It was sufficient to substantiate the chain of custody (*see, Matter of Lewis v Coughlin*, 172 AD2d 889).

Finally, we find that the failure of the Hearing Officer to interview inmate Carter, who refused to testify because he did not know anything, was harmless and not prejudicial. Four other inmates testified and the testimony of Carter would at best have been cumulative.

Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.