[628 NYS2d 416]

In the Matter of THEODORE HARRIS, Petitioner, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.

Third Department, June 8, 1995

## APPEARANCES OF COUNSEL

*Theodore Harris,* Wallkill, petitioner *pro se.*

*Dennis C. Vacco, Attorney General,* Albany *(Troy J. Oechsner* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J.

Petitioner, serving consecutive indeterminate terms of imprisonment of 2 to 4 years, became eligible for parole in August 1993 and, in accordance with Executive Law § 259-i (2) (a), appeared before two members of the State Board of Parole seeking release. Petitioner's request for parole was denied.\* Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination.

█ Initially, we note that inasmuch as this proceeding does not raise a question of substantial evidence, Supreme Court erred in transferring it to this Court. In the interest of judicial economy, however, we will retain jurisdiction and address the merits *(see generally, Matter of Blackshear v Coughlin,* 185 AD2d 493, 494, n).

█ Based upon our review of the record as a whole, we are persuaded that the initial decision rendered by the Board was arbitrary and capricious and, further, that the administrative appeal was not conducted in accordance with the applicable regulations. Accordingly, the determination must be set aside *(see,* CPLR 7803 [3]). As a starting point, we agree with petitioner that the record reflects bias on the part of the Board; indeed, the tenor of the Board members' comments and questions at times bordered on hostility. Although respondents contend that, because petitioner's interview with the Board did not constitute an adjudicatory hearing, he was not entitled

---

\* Petitioner's next scheduled appearance date before the Board is August 1995.

to a fair and impartial decision, we find this argument to be specious. Moreover, even accepting respondents' assertion that the Board was not required to consider, much less be bound by, the sentencing Judge's recommendation in this matter, which was favorable to petitioner, we are of the view that the Board's apparent refusal to even review the document prior to rendering a determination further reflects bias against petitioner.

Additionally, it is readily apparent that the administrative appeal process was flawed. In accordance with the regulations, an appeal from the denial of a release request may be taken to "an appellate panel" consisting of three members of the Board, none of whom may have participated in the decision from which the appeal is taken (see, 9 NYCRR 8006.4 [d]). The appellate panel may vote to affirm, modify or reverse the Board's decision (see, 9 NYCRR 8006.4 [e]), and the appeal itself is determined by a majority vote of the panel (see, 9 NYCRR 8006.4 [d]).

Here, respondents concede that the three members of the appellate panel voted upon petitioner's appeal on three separate days, without ever meeting as a group to discuss the appeal, but contend that the regulations did not require that the panel meet collectively to consider the merits of the underlying appeal. We disagree. The relevant regulations plainly evince an intent that the appellate panel meet and collectively determine appeals (see, e.g., 9 NYCRR 8006.4 [b] ["(a)ppellate panels" normally convene once a week]; 8006.4 [g], [h] [discussing determination rendered by "an appellate panel"]). Moreover, permitting the individual members of the appellate panel to reach a determination in a vacuum without the benefit of discussing a particular appeal with each other would, in our view, seriously undermine the appeal process. Accordingly, in light of the foregoing, we conclude that petitioner is entitled to a de novo release interview before different Board members in accordance with Executive Law § 259-i (2) (a). Petitioner's remaining contentions have been examined and found to be lacking in merit.

MIKOLL, J. P., MERCURE, CASEY and YESAWICH JR., JJ., concur.

Adjudged that the determination is annulled, without costs, and petition granted to the extent that petitioner is entitled to a de novo release interview before different members of the State Board of Parole.