In the Matter of RONALD EDGAR et al., Petitioners, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [639 NYS2d 954]

We note that, because the Commissioner's determination was not made after a hearing, this proceeding does not raise a question of substantial evidence (see, CPLR 7803 [4]). Therefore, the Supreme Court erred in transferring the proceeding to this Court (see, CPLR 7804 [g]; Matter of Harris v New York State Div. of Parole, 211 AD2d 205, 206). In the interest of judicial economy, however, this Court will retain jurisdiction and address the merits (see, Matter of Steck v Jorling, 219 AD2d 727; Matter of Harris v New York State Div. of Parole, supra).

The Commissioner properly granted the New York State Department of Environmental Conservation's (hereinafter the DEC) motion for a summary order. Pursuant to 6 NYCRR 622.12 (d) (6 NYCRR former 622.10 [c]), a motion for a summary order may be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to grant summary judgment under CPLR 3212. Here, the DEC submitted sufficient evidence demonstrating that the petitioners violated various provisions of 6 NYCRR part 360 and the special conditions of the DEC-issued solid waste management facility permits. The petitioners' papers in opposition failed to establish the existence of any material issue of fact which would require a hearing. Accordingly, the DEC satisfied the prima facie showing required to warrant judgment in its favor as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557).

Moreover, the penalty imposed cannot be said to be so disproportionate to the numerous offenses, in light of all the circumstances, as to be shocking to one's sense of fairness (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 360; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 223).

Finally, the petitioners are precluded from obtaining judicial review of their argument that they were not required to obtain a solid waste management facility permit because this issue was not raised at the administrative level (*see, e.g., Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833; *Matter of Klapak v Blum,* 65 NY2d 670; *Matter of Johnson v Coughlin,* 205 AD2d 537; *Matter of Abramo v New York State Dept. of State,* 199 AD2d 1083). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.