■ In the Matter of VERNON ROPER, Petitioner, v JOSEPH McCOY, as Superintendent of Cayuga Correctional Facility, Respondent. [642 NYS2d 381] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an incident in which petitioner became disruptive after correction officers took two plaques from him during a

pat frisk, petitioner was found guilty of harassment, creating a disturbance, making threats and possession of contraband. He challenges this determination, arguing, *inter alia*, that he was denied the right to call a certain witness at the Superintendent's hearing and that the Hearing Officer improperly questioned a witness out of his presence. While petitioner does not raise the issue of substantial evidence, we shall consider his contentions in the interest of judicial economy since Supreme Court has transferred this proceeding to this Court for review (*see, Matter of Harris v New York State Div. of Parole,* 211 AD2d 205, 206).

Initially, claimant requested that Moe Rafael, the Deputy Superintendent of the correctional facility from which petitioner had been transferred, be called to testify concerning petitioner's possession of a plaque and a legal certificate. According to petitioner, Rafael had seen the plaque and certificate prior to the incident when he assigned petitioner to the law library, thereby proving petitioner innocent of the charges. Without stating the reasons on the record, the Hearing Officer denied petitioner's request to call Rafael.

While "[a] disciplinary determination cannot stand when a denial of the inmate's request to call a witness * * * is wholly unexplained" (*Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147), annulment is not required where the record reveals the basis for the denial (*see, Matter of McCorkle v Coughlin,* 194 AD2d 1034, 1035). Upon reviewing the record in the case at hand, it is evident that Rafael's testimony is irrelevant to the charges of which petitioner was found guilty. Accordingly, we do not find this a reason for annulling the determination.

In addition, given petitioner's acquiescence in the Hearing Officer's telephone conference with a representative from another correctional facility, we reject his claim that this representative was improperly questioned out of his presence. We have considered petitioner's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Mikoll, White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.