■ In the Matter of SEBASTIAN B. VENTIMIGLIA, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the State Department of Correctional Services, et al., Respondents. [649 NYS2d 525] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Sullivan Correctional Facility in Sullivan County, was charged with possessing a controlled substance and smuggling. He was found guilty of the charges after a disciplinary hearing and was given one years confinement to the special housing unit and three years' loss of privileges. Petitioner challenges the administrative determination on a number of procedural grounds.

Initially, we reject petitioner's claim that the hearing was not timely commenced within seven days in accordance with 7 NYCRR 251-5.1. Petitioner was served with the misbehavior report on December 4, 1995. On December 8, 1995, respondents obtained an extension of the date to commence the hearing and, on December 15, 1995, obtained an extension of the date to conclude it. Because the initial extension was obtained prior

to the expiration of the seven-day period and both extensions were obtained to give petitioner time to secure an abundant amount of evidence and to permit him to contact outside witnesses he wished to have testify on his behalf, we find that the extensions were validly granted and that the hearing was commenced and concluded in a timely fashion (*see, Matter of Richardson v Coughlin*, 180 AD2d 846).

We reject petitioner's claim that he was denied meaningful employee assistance. The record discloses that petitioner's assistant responded to all of the requests on petitioner's list of evidentiary demands. However, many of the materials requested by petitioner were either unavailable or confidential. Similarly, many of the witnesses who petitioner wished to call either refused to testify or could not be contacted. Petitioner also failed to demonstrate that he was prejudiced by his assistant's alleged inadequacies. Accordingly, we find the claim to be without merit (*see, Matter of Martin v Coughlin*, 178 AD2d 880; *Matter of Turner v Coughlin*, 162 AD2d 781).

The record does not support petitioner's claim that the Hearing Officer acted improperly in denying petitioner the opportunity to examine witnesses James Dunn and Mark Sperber concerning the disciplinary record of Roger Robare, an inmate petitioner claims framed him. Robare was not identified in the misbehavior report and petitioner's theory of a set up was purely speculative and not supported by evidentiary facts. Consequently, Dunn's and Sperber's testimony was irrelevant to the charges (*see, Matter of Roper v McCoy*, 227 AD2d 786).

Based upon our review of the record as a whole, we find that the Hearing Officer conducted the hearing in a fair and impartial manner. We further find that the penalty is neither harsh nor excessive given the gravity of the offense. We have considered petitioner's remaining claims and find them to be without merit.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.