◼ In the Matter of MANUEL CLAVIJO, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [653 NYS2d 724] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Coxsackie Correctional Facility in Greene County, petitioner was found to be in possession of a razor blade. Following a disciplinary hearing, he was found guilty of possessing a weapon. Petitioner challenges this determination on the basis that it is not supported by substantial evidence. He further argues, *inter alia*, that he was denied adequate employee assistance as well as the right to present certain witnesses at the hearing.

Initially, we find that the misbehavior report, along with the testimony of the correction officer who reported the incident, provide substantial evidence supporting the administrative determination of guilt. Although petitioner claims that he was framed by the correction officer who reported the incident, petitioner did not offer any evidence to substantiate this claim and his testimony merely presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Young v Coombe,* 227 AD2d 799; *Matter of Islar v Coombe,* 226 AD2d 851).

As to petitioner's contention that he was denied adequate employee assistance, we find that he has waived this claim inasmuch as he did not raise it at the administrative hearing (*see, Matter of Aliym v Miles,* 138 AD2d 833). Nevertheless, were we to consider the merits, we would find it to be without merit. Although the employee who petitioner selected to assist him evidently did not provide him with assistance, petitioner has failed to demonstrate that he was prejudiced by this fact since the employee who did assist petitioner provided meaningful representation (*see, Matter of Vasquez v Coombe,* 225 AD2d 925). Lastly, we find no error on the part of the Hearing Officer in denying petitioner's request to present certain witnesses

insofar as they were not present during the subject incident and, therefore, did not have personal knowledge of the facts (*see, Matter of Ramsey v Commissioner of N. Y. State Dept. of Correctional Servs.*, 231 AD2d 760; *Matter of Torres v Selsky*, 223 AD2d 889). We have considered petitioner's remaining claims and find that they are either unpreserved for our review or lacking in merit.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.