■ In the Matter of MICHAEL KILLINGS, Petitioner, v JOHN O'KEEFE, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [655 NYS2d 689] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit assault on another inmate and violent conduct. Adduced in evidence at petitioner's disciplinary hear-

ing was the eyewitness testimony of a correction officer and the detailed misbehavior report prepared by him, stating that petitioner had used an unknown object to slash the face and neck of a fellow inmate during a disturbance at the correctional facility involving over 300 inmates. Petitioner commenced this CPLR article 78 review proceeding, contending that the misbehavior report was untimely because it was prepared five days after the charged misconduct took place. This contention is without merit. There is a requirement under 7 NYCRR 251-1.6 (e) (1) that a correction officer must submit, prior to going off duty, a written report stating that he or she has assigned an inmate to the special housing unit or has confined an inmate to his or her cell. Such a report was prepared on the date the charged misconduct occurred. There is, however, no prescribed limitations period for the filing of a formal misbehavior report except that it is to be "reported, in writing, as soon as practicable" (7 NYCRR 251-3.1 [a]). Here, the need to restore order to the facility following a major disturbance was a priority sufficient to justify the five-day period that elapsed between the charged misconduct and the preparation of the misbehavior report.

Our review of the record discloses that the determination of petitioner's guilt was based upon substantial evidence and it will not be disturbed. Petitioner's remaining contentions have been examined and found to be without merit or unpreserved for our review.

Cardona, P. J., Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.