■ In the Matter of ANTHONY TAMILIO, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [655 NYS2d 688] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After participating in the family reunion program at Great Meadow Correctional Facility in Washington County, petitioner, an inmate at the facility, was charged with using a controlled substance. The misbehavior report stems from the positive results of two urinalysis tests that indicated the presence of opiates. Petitioner contends that the Hearing Officer erred in refusing to allow petitioner to call his wife as a witness. Where the record reveals a valid reason for a denial of an inmate's request to call a witness (i.e., the testimony would be irrelevant or cumulative to that of other witnesses), such determination should not be annulled (*see, Matter of Roper v Mc-Coy,* 227 AD2d 786, 787). Here, the Hearing Officer acknowledged and stipulated that petitioner's wife would testify that she did not provide petitioner with any drugs. The Hearing Officer further acknowledged, and petitioner agreed, that the package room would not have permitted petitioner's wife to bring any foods into the facility that contained poppy seeds, which may have caused petitioner's positive test results (*cf., Matter of Fleming v Coughlin,* 222 AD2d 835, 836). Given these acknowledgments, we find that the Hearing Officer was justified in concluding that petitioner's wife would not have offered any material information (*see generally, Matter of McCorkle v Coughlin,* 194 AD2d 1034, 1035). Petitioner's assertion that other types of foods may have contributed to the positive test results is speculative. In any event, our review of the record discloses that petitioner received a fair and impartial hearing and that respondents' determination is supported by substantial evidence.

Mercure, J. P., Crew III, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.