In the Matter of Cy GREENE, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [656 NYS2d 522] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Auburn Correctional Facility in Cayuga County, petitioner was found to be in possession of three razorblade-type weapons which correction officers discovered had been secreted in his prison-issued boots. Following a disciplinary hearing, he was found guilty of possessing a weapon. Petitioner commenced this CPLR article 78 proceeding challenging this determination on the grounds, *inter alia*, that the disciplinary hearing was not completed in a timely manner and that he was denied the right to present certain witnesses as well as certain documentary evidence at the hearing.*

Petitioner was served with the misbehavior report on January 6, 1996 and the hearing was commenced on January 13, 1996. Although the hearing was required to be completed within 14 days of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]), the record discloses that the Hearing Officer obtained a valid extension of time to complete the hearing on January 19, 1996, which was consented to by petitioner. In view of this, as well as the fact that the extension was granted for the purpose of obtaining certain documentary evidence requested by petitioner, and that the hearing was completed by the date set forth in the extension, we find that the hearing was concluded in a timely fashion (*see, Matter of Talley v Walker*, 203 AD2d 924, *lv denied* 84 NY2d 803, *cert denied* 514 US 1131; *Matter of Afrika v Edwards*, 160 AD2d 1212).

---

* Inasmuch as petitioner does not raise the issue of substantial evidence, this proceeding was improperly transferred to this Court. Nevertheless, in the interest of judicial economy, we shall retain jurisdiction and address the merits of petitioner's claims (*see, Matter of Harris v New York State Div. of Parole*, 211 AD2d 205, 206).

Moreover, while petitioner was denied the right to call certain inmate witnesses at the hearing, the Hearing Officer denied their testimony because it would have been redundant or irrelevant in that such witnesses did not have personal knowledge of facts pertinent to the incident in question or their testimony would have been duplicative of that of the three inmate witnesses who did testify (*see, Matter of Johnson v Coombe,* 228 AD2d 755, 756; *Matter of Mabry v Coughlin,* 196 AD2d 931, *lv denied* 82 NY2d 664). Similarly, inasmuch as petitioner was provided with copies of the State shop records he requested, we reject his claim that he was denied the right to present relevant documentary evidence in his defense. We have considered petitioner's remaining contentions and find them either unpreserved for our review or lacking in merit.

Crew III, Casey, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

