■ In the Matter of DENNIS DANAHER, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [661 NYS2d 858] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The misbehavior report, together with petitioner's admissions, provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rules which prohibit participation in a demonstration and refusing a direct order stemming from his refusal to leave his cell during a lock-in and work stoppage (see, Matter of Henry v Coombe, 237 AD2d 848).* Although petitioner testified that he did so because he feared retaliation by other inmates, this merely created a credibility issue for the Hearing Officer to resolve (see, Matter of Grant v Coombe, 240 AD2d 784; Matter of Henry v Coombe, supra). Based upon our review of the record, we find that the Hearing Officer properly denied petitioner's request to call character witnesses (see, Matter of Gardiner v Coughlin, 190 AD2d 962, lv denied 81 NY2d 710; Matter of Oliver v Kelly, 125 AD2d 947, lv denied 69 NY2d 608). Furthermore, we reject petitioner's assertion that he was denied documentary evidence inasmuch as the tape he requested was no longer in existence (see generally, Matter of Dawes v McClellan, 223 AD2d 890). Petitioner's remaining contentions have been reviewed and are either not properly before this Court or without merit.

Cardona, P. J., Mikoll, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* That part of the determination finding petitioner guilty of violating the prison disciplinary rules which prohibit being out of place and violating a movement regulation were reversed on administrative appeal.