■ In the Matter of Cy Greene, Petitioner, v Philip Coombe, Jr., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [662 NYS2d 148] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of his conduct toward another inmate while incarcerated at Auburn Correctional Facility in Cayuga County, petitioner was charged with violating prison disciplinary rules prohibiting inmates from making threats and engaging in violent conduct. Following a disciplinary hearing, he was found guilty of these charges. He commenced this CPLR article 78 proceeding challenging the determination on a number of grounds.

Initially, we reject petitioner's claim that the misbehavior report was not prepared and served in a timely manner in accordance with 7 NYCRR 251-3.1. The incident providing the basis for the report occurred on January 2, 1996. The report

was prepared on January 4, 1996 and was served on petitioner on January 5, 1996. Contrary to petitioner's assertion, there is no requirement that the report be prepared the day of the incident (*see*, 7 NYCRR 251-3.1 [a]; *see also*, *Matter of Killings v O'Keefe*, 238 AD2d 637, 638). Rather, the regulations only require that the report be prepared "as soon as practicable" (7 NYCRR 251-3.1 [a]), which was done here.

Likewise, we do not find that petitioner was denied adequate employee assistance. Although the assistant did not provide all of the documents requested by petitioner, some of these documents did not exist. Viewing the actions of the assistant as a whole, petitioner was provided with meaningful representation (*see*, *Matter of Clavijo v Coombe*, 236 AD2d 692). Moreover, petitioner has failed to demonstrate that his assistant's alleged inadequacies prejudiced his defense (*see*, *Matter of Parker v Laundree*, 234 AD2d 727, 728; *Matter of Moretti v Coughlin*, 232 AD2d 685, *lv denied* 89 NY2d 807).

In addition, we do not find that petitioner was improperly denied the right to call certain witnesses at the hearing. The Hearing Officer properly disallowed the testimony of inmate witnesses who were not present during the incident providing the basis for the charges as their testimony would have been irrelevant (*see*, *Matter of Hurley v Coombe*, 239 AD2d 690; *Matter of Tamilio v Coombe*, 238 AD2d 640). Furthermore, our review of the hearing transcript discloses that the Hearing Officer conducted the hearing in a fair and impartial manner (*see*, *Matter of Reid v Le Fevre*, 236 AD2d 726, *lv denied* 90 NY2d 801; *Matter of Robles v Coombe*, 234 AD2d 847). We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.