■ In the Matter of DONALD P. JOYCE, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [667 NYS2d 833] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review five determinations of respondent which

found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Auburn Correctional Facility in Cayuga County, was charged in five separate misbehavior reports with violating certain prison disciplinary rules. Following four unsuccessful administrative appeals, petitioner commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, challenging respondent's determinations on a variety of grounds.

Prefatorily, we note that since petitioner refused to appear at the tier II hearing regarding the March 20, 1996 misbehavior report, he waived any right to challenge respondent's determination on the basis of procedural irregularities (*see, Matter of Cotton v Coughlin*, 167 AD2d 584). Furthermore, since respondent's March 27, 1996 determination was administratively reversed and the charges were expunged from petitioner's record, his claims regarding that determination are now moot.

Case data worksheets regarding respondent's three remaining determinations demonstrate that in each case petitioner was given the misbehavior reports, which have been held sufficiently specific to allow petitioner to respond (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113). As such, petitioner's contention that he was denied the right to be properly advised of the charges against him and the opportunity to comment thereon is without merit. Likewise, we do not find that petitioner was denied adequate employee assistance. Viewing the actions of the various assistants as a whole, petitioner was provided with meaningful representation (*see, Matter of Clavijo v Coombe*, 236 AD2d 692). In each case petitioner completed the request for assistance form and each assistant met with petitioner, interviewed requested witnesses, provided petitioner with all documents he was entitled to and reported the results of these efforts to petitioner. Moreover, petitioner failed to demonstrate that his assistants' alleged inadequacies prejudiced his defense (*see, Matter of Greene v Coombe*, 242 AD2d 796, 797; *Matter of Coniglio v Mitchell*, 198 AD2d 565, 567).

We further reject petitioner's contention of bias as "merely self-serving and without substantiation in the record" (*Matter of Coniglio v Mitchell, supra*, at 567). Although the transcripts reveal that the Hearing Officers became frustrated with petitioner's unwillingness to focus on the instant charges instead of on other court proceedings and prison grievances, in our view there was no indication of a prejudgment of guilt (*see, Matter of McClean v Coombe*, 242 AD2d 846, 847). In addition, petitioner's removal due to his hostile and uncooperative

behavior was permissible (*see, Matter of Jones v Selsky*, 223 AD2d 990, 991).

Equally without merit is petitioner's contention that it was error for the Hearing Officers to take testimony outside of petitioner's presence where petitioner provided the questions and received tapes of the interviews (*see, Matter of Bernacet v Coughlin*, 145 AD2d 802, 804, *lv denied* 74 NY2d 603). Nor did the Hearing Officers abuse their discretion by disallowing the testimony of character witnesses (*see, Matter of Danaher v Coombe*, 242 AD2d 754), inmate witnesses whose testimony would have been redundant and facility staff who had no knowledge of the incident (*see, Matter of Greene v Coombe*, 238 AD2d 813, 814).

Finally, we reject petitioner's general claims that he was denied the right to receive and present relevant documentary evidence in his defense (*see, id.*, at 814) and find that the misbehavior reports, written by those correction officers who witnessed each incident, together with the testimony of correction officers who were present during the events, provided substantial evidence supporting the administrative determinations (*see, Matter of Samuels v Goord*, 242 AD2d 841).

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.