■ In the Matter of TIMOTHY DUMPSON, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [669 NYS2d 431] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered March 7, 1997 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of a facility correspondence violation after prison officials discovered that an envelope addressed to petitioner that appeared to contain legal mail, actually contained two personal letters, one of which was from another inmate. Supreme Court dismissed petitioner's application seeking to challenge the finding of guilt and we affirm. Initially, we find that the misbehavior report was in accordance with the applicable regulation requiring that it be written by one who has "ascertained the facts of the incident" (7 NYCRR 251-3.1 [b]). Moreover, contrary to petitioner's assertion, the report was sufficiently detailed so as to give petitioner notice of the charge against him so that he could adequately prepare a defense (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). Petitioner's claim that he received ineffective employee assistance because his assistant failed to provide him with certain documents is similarly without merit, as petitioner was able to access the requested documents on his own. Under the circumstances, we can discern no prejudice that resulted from any alleged failure by his assistant (*see, Matter of Curry v Coughlin*, 175 AD2d 970; *see also, Matter of Dumpson v McClellan*, 242 AD2d 805). Finally, we do not find that the Hearing Officer abused his discretion by removing petitioner from the hearing in view of petitioner's disruptive and accusatory conduct during the proceedings (*see, Matter of Jones v Selsky*, 223 AD2d 990, 991). Petitioner's remaining claim of Hearing Officer bias has been examined and found to be without merit.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.