■ In the Matter of Timothy Fletcher, Petitioner, v Robert J. Murphy, as Director of the Inmate Disciplinary

Program, Respondent. [670 NYS2d 809] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

We confirm the determination that found petitioner guilty of violating a prison disciplinary rule prohibiting inmates from using controlled substances. Initially, inasmuch as the record reveals that every request made by petitioner to his employee assistant was adequately addressed, we find that the assistance he received was meaningful (see, 7 NYCRR 251-4.2; Matter of Ortiz v Rourke, 241 AD2d 962, 963). Next, we do not find that petitioner's conditional right to call witnesses (see, 7 NYCRR 254.5 [a]) was violated; the Hearing Officer properly determined that the testimony sought from certain witnesses requested by petitioner would be irrelevant or redundant (see, Matter of Greene v Coombe, 238 AD2d 813, 814, lv denied 91 NY2d 801). Nor do we find that he was denied the right to introduce relevant documentary evidence in his defense as it is clear that the documents in question were immaterial or irrelevant to the charges (see, Matter of Joyce v Goord, 246 AD2d 926). Finally, the record reveals that petitioner was afforded a fair and impartial hearing and we therefore reject his claim of Hearing Officer bias (see, Matter of Robles v Coombe, 234 AD2d 847). Petitioner's remaining claims have been examined and found to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.