■ In the Matter of SHAWN GREEN, Appellant, v DONALD SELSKY, as Director of Special Housing Unit/Inmate Discipline for the Department of Correctional Services, et al., Respondents. [682 NYS2d 647] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 5, 1998 in Ulster County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, dismissed the petition for lack of personal jurisdiction.

■ In the Matter of SHAWN GREEN, Appellant, v DONALD SELSKY, as Director of Special Housing, Respondent. [685 NYS2d 127] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered July 20, 1998 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, refused to comply with an order to move to another cell pursuant to a prior disciplinary determination, resulting in the use of chemical agents to effect the move. Following a disciplinary hearing at which petitioner was found guilty of refusing a direct order and committing a move-

ment violation,\* and an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of his guilt on various procedural grounds. Supreme Court dismissed the petition and we affirm.

Initially, we reject petitioner's contention that Supreme Court should have transferred the matter to this Court as no substantial evidence issue was raised in the petition. Turning to the merits, petitioner's contention that the Hearing Officer improperly denied petitioner's request to call certain witnesses is unavailing inasmuch as the record supports the finding that the testimony sought would have been redundant or irrelevant (*see, Matter of Fletcher v Murphy*, 249 AD2d 638). Nor do we find that petitioner was denied the right to introduce relevant documentary evidence given that the documents requested were either immaterial to the charges (*see, id.*) or could have been obtained by petitioner on his own (*see, Matter of Dumpson v McGinnis*, 247 AD2d 804). Furthermore, the penalty of 17 months in the special housing unit was neither harsh nor excessive, especially in light of petitioner's prior disciplinary history of similar conduct. Petitioner's remaining contentions, including his claim of Hearing Officer bias and ineffective employee assistance, have been reviewed and are found to be without merit.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

\* Petitioner was also charged with, but found not guilty of, interfering with an employee and vandalism or possession of stolen property.