■ In the Matter of JAMEL BROWN, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [733 NYS2d 187] —Order, Supreme Court, Bronx County (John Byrne, J.), entered November 13, 2000, which denied petitioner inmate's application to annul respondent Department of Correction's determination finding petitioner guilty of assaulting and refusing an order of a correction officer, unanimously affirmed, without costs.

Petitioner's due process rights were not violated by the action of the Hearing Officer in not personally questioning two inmate witnesses about their reasons for refusing to testify.

The record shows that the Hearing Officer telephoned the correction officer at the housing unit where the witnesses were located, who reported back to the Hearing Officer that the witnesses did not see anything and did not want to testify or provide written statements. This report, which was noted in the correction officer's log book, gave the Hearing Officer a sufficient basis for finding that the refusals to testify were genuine (*see, Matter of Luna v Coughlin*, 210 AD2d 757). The failure to obtain refusal to testify forms from these two purported witnesses, as required by respondent's Directive 6500, was harmless error where the record confirms their refusal to testify and petitioner was not otherwise prejudiced (*see, Matter of Shannon v Goord*, 282 AD2d 909, 910). It does not avail petitioner to argue that the Hearing Officer did not make a meaningful attempt to locate a third witness where petitioner acquiesced in the discussion of only the two witnesses at the hearing, and did not identify or otherwise describe this third witness (*cf., Matter of Roper v McCoy*, 227 AD2d 786). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.