In the Matter of Bruce Biggs, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [764 NYS2d 222] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two prison misbehavior reports arising out of an inmate hunger strike and work stoppage that took place June 3 and 4, 2002 at Five Points Correctional Facility in Seneca County. The first misbehavior report alleged that petitioner joined a group of over 50 other inmates all of whom refused to comply with orders to perform their mess hall jobs. The group subsequently returned to their cells following which the entire facility was locked down.

A disciplinary hearing ensued resulting in a decision finding petitioner guilty of refusing to obey a direct order, participating in a demonstration and violating a movement regulation.

Substantial evidence was presented in support of this determination in the form of the detailed misbehavior report, the testimony given by three correction officers who witnessed the charged misconduct and petitioner's own admissions (*see Matter of Evans v Rivera*, 252 AD2d 706 [1998]; *Matter of Danaher v Coombe*, 242 AD2d 754 [1997]).

The second misbehavior report, based in part upon confidential information, alleged that petitioner had been observed advising other inmates to participate in the hunger strike and threatening that those who refused would be "deal[t] with." Following his second disciplinary hearing, petitioner was found guilty of organizing a demonstration. Substantial evidence supported this decision in the form of the misbehavior report and the confidential information presented to the Hearing Officer at an in camera hearing by the facility staff member who had conducted an investigation of the matter (*see Matter of Bosshart v Goord*, 285 AD2d 781, 782 [2001]). While the Hearing Officer did not personally interview the source of the confidential information, he was able to make an independent assessment of the source's credibility and reliability from the detailed testimony of the investigator who had obtained the information in question directly from the confidential informant and was able to vouch for his credibility based upon his previous history of providing reliable information (*see Matter of Golden v Ricks*, 288 AD2d 565, 566 [2001]). Petitioner's assertion that various procedural errors and inequities vitiated the fairness of his hearings have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.