■ In the Matter of TROY BRITT, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [835 NYS2d 777]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of a physical altercation among three inmates (petitioner, inmate Hamm and inmate Thomas), petitioner was

charged in two misbehavior reports. The first, filed by Correction Officer Gravelin, charged him with fighting, disobeying a direct order, violent conduct and creating a disturbance. Following further investigation, the second misbehavior report, filed by Correction Sergeant Reed, further charged petitioner with assault on an inmate and use of a weapon. At the subsequent tier III disciplinary hearing, petitioner pleaded guilty to fighting, disobeying a direct order, and creating a disturbance. He pleaded not guilty to violent conduct, assault on an inmate and use of a weapon. The Hearing Officer concluded that petitioner was guilty of all charges. Following affirmance upon administrative appeal, petitioner instituted this CPLR article 78 proceeding.

Although inartfully drawn, the basic allegation in the petition is that substantial evidence does not support the findings of guilt. We disagree and confirm. Initially, by pleading guilty to three of the charges, petitioner may not challenge the evidentiary basis for the determination of guilt on those charges (*see Matter of Calhoun v Goord*, 20 AD3d 628 [2005]). With respect to the remaining charges, substantial evidence is found in the detailed misbehavior reports, the investigative memorandum of Reed, the testimony of Gravelin and Reed, and the admissions made by petitioner (*see Matter of Sime v Goord*, 30 AD3d 887, 889 [2006], *lv denied* 7 NY3d 717 [2006]). As the Hearing Officer did not personally interview the source of the confidential information and because Reed, who had only been at the facility for about one month, was unable to vouch for the credibility of the informant (*see e.g. Matter of Biggs v Goord*, 308 AD2d 619, 620 [2003]), the confidential informant's information does not constitute substantial evidence. Nevertheless, since he provided no new information, merely confirming what was already known—that Hamm was involved and that petitioner was the perpetrator of this incident—the Hearing Officer's failure to validate the source of the confidential information is harmless. Petitioner's denial that he used a wooden mop handle as a weapon presented a credibility issue for the Hearing Officer to resolve (*see Matter of Laureano v Goord*, 36 AD3d 1175, 1176 [2007]).

Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and determined to be without merit.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.