■ In the Matter of ZAHAV ENTERPRISES, INC., et al., Appellants, v JOSEPH MARTENS, as Commissioner of New York State Department of Environmental Conservation, et al., Respondents, et al., Defendants. [53 NYS3d 679]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Commissioner of the New York State Department of Environmental Conservation dated October 24, 2011, finding that the petitioner/plaintiff Zahav Enterprises, Inc., violated articles of the Environmental Conservation Law and the Navigation Law and imposing a civil penalty, and action for a judgment declaring that a stipulation dated January 27, 2010, is void and that the respondent/defendant John K. Urda violated Public Officers Law § 74 (3) (d) and (f), the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Schack, J.), dated November 25, 2014, which granted those branches of the motion of the respondents/defendants Joseph Martens, the New York State Department of Environmental Conservation, and John K. Urda which were pursuant to CPLR 3211 (a) to dismiss so much of the petition/complaint as sought relief pursuant to CPLR article 78 insofar as asserted against them, for summary judgment, in effect, declaring that the stipulation dated January 27, 2010, is valid, and that the respondent/defendant John K. Urda did not violate Public Officers Law § 74 (3) (d) and (f), and, in effect, dismissed so much of the petition/complaint as sought relief pursuant to CPLR article 78.

Ordered that the order and judgment is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, declaring that the stipulation dated January 27, 2010, is valid, and that the respondent/defendant John K. Urda did not violate Public Officers Law § 74 (3) (d) and (f).

The petitioner/plaintiff Zahav Enterprises, Inc. (hereinafter Zahav), and its predecessor in interest owned the subject property, located in Brooklyn, from March 1985 until November 13, 2007. During that time, it was used as a gasoline station and had 3 active 4,000-gallon underground storage tanks (hereinafter USTs). In 2006, Unicorp National Development (hereinafter Unicorp) approached Zahav to purchase the property for the stated purpose of building a drugstore and leasing it to Walgreens. On November 13, 2007, Zahav closed on the contract of sale for the property. Zahav, as the seller, expressly

retained responsibility for remediating the environmental conditions.

In June 2008, the 3 active 4,000-gallon USTs were removed and petroleum contamination was reported to the New York State Department of Conservation (hereinafter the DEC). Additionally, 30 abandoned 550-gallon USTs were discovered. A large amount of contaminated and uncontaminated soil was removed and all USTs were closed, cleaned, and disposed of. On March 25, 2009, Zahav submitted a site status report and work plan to the DEC. On April 21, 2009, the DEC wrote to Unicorp and Zahav advising them that the work plan was not approved and remediation had to be performed before construction could begin. On November 13, 2009, Zahav submitted an investigation summary report to the DEC. By letter dated December 21, 2009, the DEC informed Zahav and Unicorp that development of the site could not occur until there was an approved Remedial Action Plan. On January 5, 2010, representatives of Zahav and Unicorp met with DEC staff and DEC attorney John K. Urda. The parties discussed how to proceed with the investigation and remediation. Zahav entered into a stipulation with the DEC, effective January 27, 2010, which provided that Zahav agreed to clean up and remove the petroleum discharge in accordance with the conditions set forth in a Corrective Action Plan.

From February 2010 through October 2010, Zahav submitted reports and proposals that were, for the most part, rejected by the DEC, on the ground that the reports and proposals did not address soil and groundwater contamination. On November 5, 2010, the DEC sent a letter to Zahav, directing it to propose a comprehensive remedial strategy to address both soil and groundwater contamination no later than November 24, 2010, or the case would be referred to the Office of General Counsel for violation of the stipulation. Zahav did not respond to this letter or submit the requested remedial strategy.

On March 30, 2011, the DEC moved for an Order of the Commissioner of the DEC, without a hearing. The motion contained three causes of action. The first cause of action alleged that Zahav illegally discharged petroleum, the second cause of action alleged that Zahav failed to contain a discharge of petroleum, and the third cause of action alleged that Zahav failed to comply with the stipulation. The DEC sought an order finding that Zahav violated Environmental Conservation Law articles 17 and 71, Navigation Law article 12, and 17 NYCRR (Department of Transportation); directing Zahav to pay a civil penalty of $112,500; and directing Zahav to immediately comply with

the stipulation. Zahav opposed the motion and cross-moved to dismiss, without a hearing, the three causes of action. An Administrative Law Judge (hereinafter ALJ) issued a summary hearing report, recommending a finding that Zahav was liable for damages all three causes of action and imposing a civil penalty of $60,000. By order dated October 24, 2011, based on the ALJ's summary hearing report, the Commissioner of the DEC granted the DEC's motion for an order without a hearing, found that Zahav was liable for all three causes of action, found that Zahav violated various articles of the Environmental Conservation Law and Navigation Law, assessed a civil penalty of $60,000, and directed Zahav to investigate and remediate the site in accordance with the terms and conditions of the stipulation.

Thereafter, the petitioners/plaintiffs commenced this hybrid proceeding and action against, among others, Joseph Martens, in his capacity as the Commissioner of the DEC, the DEC, and Urda (hereinafter collectively the DEC respondents), seeking relief pursuant to CPLR article 78, and a judgment declaring that the stipulation is void due to the DEC acting in bad faith, and that Urda violated Public Officers Law § 74 (3) (d) and (f) by "set[ting] unreasonably short or impossible deadlines for action by Zahav, while threatening enforcement actions." The DEC respondents moved, inter alia, pursuant to CPLR 3211 (a) to dismiss so much of the petition/complaint as sought relief pursuant to CPLR article 78 insofar as asserted against them, and, in effect, for summary judgment declaring that the stipulation is valid, and that Urda did not violate Public Officers Law § 74 (3) (d) and (f). In the order and judgment appealed from, the Supreme Court granted those branches of the DEC respondents' motion. The petitioners/plaintiffs appeal.

The petitioners/plaintiffs' contention that issues of fact were improperly resolved against Zahav in the administrative proceeding is without merit. Pursuant to 6 NYCRR 622.12 (d), a motion for a summary order may be granted if, upon all the papers and proof submitted, the cause of action or defense is established sufficiently to grant summary judgment under CPLR 3212 (*see Matter of Edgar v Jorling*, 225 AD2d 770, 771 [1996]). Here, the DEC submitted sufficient evidence to demonstrate that Zahav was liable for the three causes of action. Zahav's opposition papers failed to establish the existence of any triable issues of fact which would require a hearing as to either liability or the amount of the penalty to be imposed (*see* Navigation Law §§ 181, 173; *State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 723-724 [2004]; *State of New York v Green*,

96 NY2d 403, 408 [2001]; *State of New York v Markowitz*, 273 AD2d 637, 640 [2000]; *Matter of Edgar v Jorling*, 225 AD2d at 771; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). To the extent that Zahav is challenging the penalty imposed as excessive, the penalty imposed cannot be said to be so disproportionate as to be shocking to one's sense of fairness (*see Matter of Kennedy v Bennett*, 31 AD3d 764, 764 [2006]; *Matter of Edgar v Jorling*, 225 AD2d at 771). Indeed, the Commissioner agreed with the ALJ that the requested penalty of $112,500 should be reduced to $60,000 based on mitigating factors including, but not limited to, remedial actions that were taken by Zahav and the amount it had already expended on clean-up efforts. The Commissioner's determination to grant the DEC's motion for an order without a hearing had a rational basis and was not arbitrary or capricious.

The petitioners/plaintiffs' contention that Zahav did not receive fair notice of the charges against it is without merit. "[I]n the administrative forum, the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him and to allow for the preparation of an adequate defense" (*Matter of Block v Ambach*, 73 NY2d 323, 333 [1989] [citations omitted]; *see Matter of Carney's Rest., Inc. v State of New York*, 89 AD3d 1250, 1254 [2011]; *Matter of Electchester Hous. Project v Rosa*, 225 AD2d 772, 773 [1996]). Here, the three causes of action, supported by an attorney affirmation and an affidavit of a DEC staff member familiar with the case, were reasonably specific and apprised Zahav of the charges against it.

The petitioners/plaintiffs' contention that Zahav was exempt from the imposition of penalties because it was an "innocent owner" is without merit. Navigation Law § 192, "read in context, plainly and unambiguously provides that any person or entity liable for clean-up costs as a violator shall be liable for statutory penalties without any requirement that the person or entity acted knowingly" (*State of New York v Markowitz*, 273 AD2d at 645).

The petitioners/plaintiffs' contentions that Navigation Law § 176 (1) is void for vagueness and that the DEC lacks subject matter jurisdiction to impose penalties or injunctive relief upon Zahav are not properly before this Court, as these contentions were not raised at the administrative level (*see Matter of Edgar v Jorling*, 225 AD2d at 771).

The petitioners/plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, declaring that the stipulation is valid, and that Urda did not violate Public Officers Law § 74 (3) (d) and (f). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.