Matter of J. B. v State Univ. of N.Y. (2019 NY Slip Op 06083)





Matter of J. B. v State Univ. of N.Y.


2019 NY Slip Op 06083


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-13154
 (Index No. 2509/16)

[*1]In the Matter of J. B., petitioner, 
v
State University of New York, et al., respondents.


Law Office of Peter D. Hoffman, P.C., Katonah, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Scott A. Eisman of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Purchase College, State University of New York, dated April 7, 2016. The determination upheld a decision of an Administrative Hearing Board of Purchase College, State University of New York, dated March 31, 2016, finding that the petitioner committed disciplinary violations, and expelled the petitioner from the school.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On January 13, 2016, the petitioner, a student at Purchase College, State University of New York (hereinafter the college), was charged with committing four violations of the student code of conduct: (1) acting in a manner which inflicts physical harm, physical abuse, or injury to any person; (2) threatening, harassing, or intimidating any person, and/or using words which reasonably tend to incite an immediate, violent reaction and are specifically directed toward another; (3) coercing, detaining, or using physical force in a manner which endangers the health or safety of any person; and (4) engaging or attempting to engage in any sexual act toward any individual without consent with someone who is physically helpless, unconscious, or otherwise incapacitated or unable to accurately communicate.
Following an administrative hearing, in a decision dated March 31, 2016, a college Administrative Hearing Board (hereinafter the hearing board) found that the petitioner committed the charged violations, and recommended that he be expelled from the college. The petitioner appealed the hearing board's decision to the college's Campus Appeals Board (hereinafter appeals board). In a determination dated April 7, 2016, the appeals board upheld the hearing board's decision and imposed the sanction of expulsion from the college. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the determination, and the Supreme Court, Westchester County, transferred the matter to this Court pursuant to CPLR 7804(g).
We find unpersuasive the petitioner's contention that he was deprived of due process by the alleged failure of the hearing board to support its decision with a statement of factual findings and the evidence upon which it was based. While such a statement must be provided, the hearing board's decision in this case satisfied this requirement by including a concise statement of both the [*2]evidence relied upon and the specific conduct of the petitioner that constituted the violations, thereby giving him notice of the basis for the decision (see Matter of Ferraro v State Univ. of N.Y. at Purchase Coll., 162 AD3d 766, 767; Matter of Lambraia v State Univ. of N.Y. at Binghamton, 135 AD3d 1144, 1147).
The determination that the petitioner committed the charged violations was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181).
Further, the penalty of expulsion was not so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233; Matter of Weber v State Univ. of N.Y., Coll. at Cortland, 150 AD3d 1429, 1434).
The petitioner's contention concerning a missing witness adverse inference is not properly before this Court, as it was not raised at the administrative level (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Matter of Zahav Enters., Inc. v Martens, 150 AD3d 748, 751). The petitioner's remaining contentions are without merit.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court