■ In the Matter of BRADSHAW SAMUELS, Appellant, v EU-

GENE S. LeFevre, as Superintendent of Clinton Correctional Facility, Respondent.—Casey, J.

On this appeal, petitioner challenges dismissal by Special Term of his CPLR article 78 petition to review a hearing officer's determination after a disciplinary proceeding. The hearing officer found petitioner guilty of violating disciplinary rule 106.10 (refusing to obey a direct order) and imposed a penalty of 20 days' confinement with loss of commissary, packages and phone privileges.

Initially, petitioner complains that Special Term erroneously refused to strike respondent's verified answer which was not served five days before the return day of the order to show cause. Under CPLR 7804 (e), Special Term is not required to strike an untimely answer in all circumstances (*Matter of Tedesco v La Vallee,* 53 AD2d 780; *Matter of Abrams v Kern,* 35 AD2d 971, 972). The answer here was submitted on the return day of the order to show cause. Special Term reserved decision for 20 days to allow petitioner to respond to the answer. Not only did petitioner acquiesce in that time frame, but he was placed in a better position thereby. No prejudice having been demonstrated, the determination of Special Term was proper.

As to the merits, it appears that petitioner was the subject of a misbehavior report filed by a correction officer. That report accused petitioner of failing, on August 18, 1984 at 8:20 A.M., to obey the officer's direct order to stay out of the shower water control box which the officer had adjusted to 100 degrees Fahrenheit for showers for keeplocked inmates whom the officer had in charge. Petitioner was informed of his right to have an assistant and to request witnesses. He waived his right to assistance and initially requested no witness to testify on his behalf.

Petitioner denied the charge at the hearing, contending that the wrong person was written up; then claiming that he adjusted a box different than the one the correction officer had adjusted and ordered him not to touch; then claiming that he did not remember being ordered to stop; then claiming that inmates are generally allowed to adjust the controls and that the officer had "it in for him". Petitioner then requested the correction officer to be called as a witness. The correction

officer testified the following day to the same effect as the report. When the hearing officer disallowed several of petitioner's questions to the correction officer as irrelevant, petitioner became unruly and was told by the hearing officer to "shut up". When the unruliness continued, petitioner was ordered out of the hearing room by the hearing officer, who thereafter found him guilty of refusing to obey a direct order and imposed the penalty above-described. Petitioner was given copies of this disposition on August 23, 1984 and informed that he had 72 hours to submit a written appeal to the facility's Superintendent.

On December 21, 1984, petitioner claimed in a letter to the Superintendent that he had given an appeal dated August 23, 1984 to Correction Officer L. Johnson, since petitioner was then in keeplock. Johnson denied receiving petitioner's appeal and the matter was concluded as if no appeal had been taken. Based on the procedure submitted by respondent as to how an appeal could have been timely taken by petitioner while in keeplock, Special Term decided, and we agree, that petitioner's unsubstantiated assertion that his appeal was timely filed was insufficient to establish a violation of 7 NYCRR 253.8. Nor do we find any detrimental effect on his due process rights, as long as the hearing officer's disposition could be judicially reviewed (see, Matter of Burke v Coughlin, 97 AD2d 862, 864).

As to petitioner's claim that the hearing officer failed to act fairly or impartially, we find no merit. Petitioner's testimony was inconsistent and contradictory, permitting the hearing officer to accept and credit the version of the correction officer (see, Matter of Perez v Wilmot, 67 NY2d 615, 617). Petitioner's conduct at the hearing itself would warrant increased punishment as well as a determination in absentia. Based on the determination of guilt, his prior prison behavior, as well as his behavior at the hearing, the penalty imposed was reasonable, and the judgment of Special Term should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.