■ In the Matter of MICHAEL BOODRO et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review determinations of respondent Commissioner of Correctional Services finding petitioners guilty of violating certain prison disciplinary rules.

Petitioners commenced this proceeding seeking annulment of 10 prison disciplinary determinations which found them guilty of violating various institutional rules. Since the commencement of the proceeding, however, petitioner Michael

Boodro has died, petitioner Gerald Gaines has settled his claims against respondent and petitioner Jamie Correa-Mina has been paroled to Federal immigration officials and deported to Columbia. Respondent contends that this proceeding has become moot as to those parties. Petitioners' counsel, however, contends that Correa-Mina's claims remain justiciable because they involve five adjudications of guilt which are presently on his prison record. We are unpersuaded, however, that Correa-Mina, who is now in Columbia, continues to have a direct stake in a controversy concerning his prison disciplinary record in New York. Furthermore, we do not find that Correa-Mina's case involves any issues likely to evade judicial review. Hence, we conclude that his claims are moot and need not be addressed (see, Matter of Anonymous [Boggs] v New York City Health & Hosps. Corp., 70 NY2d 972, 974; Matter of Chandler v Coughlin, 126 AD2d 886, 887).

The only issue remaining in this proceeding is whether petitioner Paul Vogelsang (hereinafter petitioner) was properly excluded from his disciplinary hearing. At the outset, we observe that this proceeding was improperly transferred to this court pursuant to CPLR 7804 (g). The Hearing Officer's decision to hold the challenged hearings in absentia was a procedural determination made during the hearings and not "as a result of a hearing". Hence, this issue does not raise a substantial evidence question under CPLR 7803 (4). In the interest of judicial economy, however, we will entertain the proceeding (see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 120 AD2d 166, 169, lv denied 69 NY2d 921).

Turning to the merits, we are asked to determine whether the Hearing Officer's decision to exclude petitioner from the latter part of his Superintendent's hearing was arbitrary and capricious. Respondent's regulations provide that an inmate accused of misbehavior "shall be present at the hearing unless he * * * is excluded for reason of institutional safety or correctional goals" (7 NYCRR 254.6 [b]). This is precisely the same standard, under the regulations, for a determination to restrict an inmate's right to call witnesses and to have them testify in his presence (see, 7 NYCRR 254.5 [a], [b]). Thus, when a prisoner is either denied his right to be present or to call witnesses, the record must show that the Hearing Officer determined that the denial was actually necessary in the particular case to promote "institutional safety or correctional goals" (see, Matter of Garcia v LeFevre, 64 NY2d 1001, 1003).

The record must also contain factual support for the determination *(supra)*.

In petitioner's case, he was present during the early segments of his hearing and then excluded for the balance of it. The Hearing Officer stated on the record that he was proceeding in absentia due to petitioner's "uncooperative" and "disruptive" behavior. Apart from such vague, conclusory statements, the only conduct cited by the Hearing Officer was that petitioner refused to acknowledge his name at the beginning of the hearing and repeatedly complained of the inadequacy of his inmate assistance. When the hearing was reconvened later that afternoon, again in petitioner's absence, the Hearing Officer further stated that petitioner had been excluded because he had attempted to free his hands from restraints while in the hearing room. According to the Hearing Officer, this conduct, combined with petitioner's "combative nature and * * * attitude" which was observed by the Hearing Officer when petitioner appeared as a witness in *another* inmate's disciplinary hearing, caused him to feel intimidated by petitioner's presence at the hearing.

In our view, the reasons articulated by the Hearing Officer are insufficient as they are not supported by the record. Although the record indicates that petitioner did not respond properly to the Hearing Officer's request that he identify himself on the record at the beginning of the hearing, in context, this was because petitioner had not received any assistance prior to the hearing *(see,* 7 NYCRR subpart 251-4; 254.4) and he wanted to request an assistant before the hearing was underway. Once petitioner was assured that he would receive assistance, he readily responded to the Hearing Officer's inquiries. There is also no support in the record for the Hearing Officer's assertion that petitioner was uncooperative and disruptive to the extent that he impeded the orderly progress of the hearing. Petitioner objected to the Hearing Officer reading the misbehavior report to the author of the report before the author testified. The objection was overruled by the Hearing Officer, who proceeded to read the report without any further disruption from petitioner. In addition, the record reveals that petitioner did nothing to disrupt the testimony of three correction officers. In fact, any interjections in the proceedings by petitioner were sparse, he promptly acceded to the Hearing Officer's rulings and the hearing progressed expeditiously. As to the Hearing Officer's reference to petitioner's combative nature and attitude while appearing as a witness in another inmate's disciplinary hearing, this

statement is not only unsupported by the record but totally unrelated to the question of petitioner's behavior during his own hearing.

We also reject the Hearing Officer's statement that exclusion was justified by petitioner's alleged attempt to free his hands from the mechanical restraints while in the hearing room. No note of this behavior was made on the record contemporaneous with its occurrence. Nor did the Hearing Officer refer to this as a justification when petitioner was first excluded from the hearing. Petitioner was manacled and there were other correction officers present. Thus, the record hardly supports the Hearing Officer's feeling of being "intimidated". Furthermore, we note with disapproval that the Hearing Officer never warned petitioner that his conduct would not be tolerated prior to his exclusion from the hearing. Based on the foregoing, we conclude that the Hearing Officer's decision to exclude petitioner from the hearing was arbitrary and capricious. Without an adequate basis in the record to justify this infringement of a fundamental right, petitioner was deprived of meaningful review (see, Matter of Garcia v LeFevre, 102 AD2d 1004, 1006 [dissenting mem], revd 64 NY2d 1001). Hence, annulment is required.

Finally, we observe that Malik Allah, a witness requested by petitioner, was never called to testify nor was an explanation given for the failure to call him as required by 7 NYCRR 254.5. This is also grounds for an annulment (see, Matter of Wong v Coughlin, 138 AD2d 899; Matter of Moore v Coughlin, 112 AD2d 608, 609).

Determination regarding petitioner Paul Vogelsang annulled, without costs, and respondent is directed to expunge all references to the proceeding from petitioner Paul Vogelsang's file and restore any good behavior allowance lost.

Petition of petitioners Michael Boodro, Gerald Gaines and Jamie Correa-Mina dismissed, as moot, without costs. Mikoll Levine and Mercure, JJ., concur.

Kane, J. P., and Harvey, J., concur in part and dissent in part in a memorandum by Kane, J. P. Kane, J. P. (concurring in part and dissenting in part). In our view, petitioner Paul Vogelsang (hereinafter petitioner) was not improperly excluded from appearing for the remainder of the Superintendent's hearing. His conduct clearly evinced a pattern designed to prevent the Hearing Officer from conducting an orderly hearing. At every stage of the process, he used dilatory and stalling tactics. At the commencement of the hearing he

refused to acknowledge his name, contending that he had received no assistance in preparing his case, and he also claimed that the entire proceeding should be dismissed. The Hearing Officer assured petitioner that he could have assistance and asked petitioner who he would like to assist him. Despite continually being informed that he could only have an employee assistant, petitioner persisted in requesting an inmate assistant. The hearing was then adjourned so petitioner could obtain assistance and an employee assistant was provided for him. When the hearing was reconvened, petitioner objected to the reading of the misbehavior report filed against him, to the witnesses called, including those witnesses called on his behalf, and he kept claiming that he had not received adequate assistance. As a result of this conduct, the Hearing Officer conducted the remainder of the hearing in petitioner's absence.

In support of the decision to exclude petitioner, the Hearing Officer took note of petitioner's "uncooperative" and "disruptive" behavior, as well as his continued claim of improper assistance. To determine the validity of this latter claim, the employee assistant was called to testify. The employee assistant testified in detail as to the efforts he made on petitioner's behalf and noted that petitioner had been "uncooperative", "belligerent" and had given the employee assistant no aid in conducting an investigation.

While it may have been improper for the Hearing Officer to have noted that petitioner had attempted to free himself from his manacles when there is no evidence of such behavior in the record, the above-described conduct alone warranted a disposition in absentia (see, Matter of Samuels v LeFevre, 120 AD2d 894). The explanation offered by the Hearing Officer was adequate and the record contains factual support for the conclusion that petitioner was properly excluded "for reason of institutional safety or correctional goals" (7 NYCRR 254.6 [b]). Additionally, it was not improper for the Hearing Officer to have considered petitioner's history of violent conduct (see, Matter of Cortez v Coughlin, 115 AD2d 841, affd 67 NY2d 907 [proper to consider history of assaultive behavior in excluding an inmate from hearing during witnesses' testimony]), and there is no requirement in the regulations of advance warning (see, 7 NYCRR 254.6; Matter of Samuels v LeFevre, supra, at 896).

With respect to the proposed witness, inmate Malik Allah, contrary to the majority's conclusion, he was called to testify. Petitioner never requested that Allah testify. Instead, his

employee assistant testified that petitioner wanted 130 witnesses, although he could not name them. The employee assistant recounted his own attempts to locate witnesses for petitioner and found two, Allah and another inmate, Stephen Cummings, who were willing to testify. This information was given to petitioner. At the hearing, before he was excluded, petitioner kept stating that these two witnesses were not his and that "I did not pick them". At that point, Allah stood ready to testify and Cummings did in fact testify. However, since petitioner refused to even question Cummings, the Hearing Officer made no further request for Allah's testimony. After dismissing petitioner, the Hearing Officer noted that he gave: "an opportunity to [petitioner] to * * * talk to these individuals but [petitioner] kept stating that [they] were not his witness[es]. * * * I feel at this point there is no value in * * * trying to get them because [petitioner] claimed they are not his witness[es]." We find the above facts and the reasons given by the Hearing Officer not to further call Allah to be in compliance with the applicable regulation (see, 7 NYCRR 254.5; cf., People ex rel. Selcov v Coughlin, 98 AD2d 733, 735). Thus, there was no violation of petitioner's right to call witnesses.

Accordingly, we would vote to confirm the determination finding petitioner guilty of violating certain prison disciplinary rules. In so doing, we also note the words of caution expressed by the courts of this State against imposing additional obligations on those officials charged with preserving order and safety in State prisons that would unduly burden an already overburdened internal disciplinary system (see, e.g., People ex rel. Vega v Smith, 66 NY2d 130, 141-142; People ex rel. Bradley v Smith, 115 AD2d 225, lv denied 67 NY2d 604).