■ In the Matter of BALIGH AL JIHAD, Appellant, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 6, 1988 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate confined in the special housing unit at Shawangunk Correctional Facility in Ulster County, was charged with violating various State-wide prison disciplinary rules. When correction officers arrived to escort petitioner to the Tier III Superintendent's hearing, petitioner refused to be

handcuffed behind his back, as required by respondent Superintendent's movement procedures. Despite being warned that his refusal to be handcuffed in this manner would be considered a refusal to attend the hearing and that the hearing would be held in his absence, petitioner persisted in his refusal. The Hearing Officer entered pleas of not guilty on petitioner's behalf and the hearing was held in absentia. Petitioner was found guilty of the charged violations and penalties were imposed. The determination was administratively affirmed and petitioner then commenced this proceeding, alleging, *inter alia,* that the hearing was improperly held in absentia and that he was denied his right to employee assistance. Supreme Court dismissed the petition. This appeal ensued.

We affirm. Initially, petitioner contends that he did not waive his right to attend the hearing and that it should not have been conducted in his absence. We disagree. Although an inmate has a fundamental right to be present during his disciplinary hearing *(see, Matter of Mallard v Dalsheim,* 97 AD2d 545, 546), this right may be waived when the inmate makes a "knowing, voluntary and intelligent decision" not to attend the hearing *(People v Corley,* 67 NY2d 105, 110) after being informed of that right and of the consequences of failing to appear *(Matter of Mallard v Dalsheim, supra,* at 546; *see, People v Parker,* 57 NY2d 136, 141). Further, by refusing to attend the hearing, the inmate waives his right to challenge the determination upon the ground that the hearing should not have been conducted in absentia *(Matter of Watson v Coughlin,* 132 AD2d 831, 832, *affd* 72 NY2d 965). Here, petitioner was informed that his refusal to be handcuffed behind his back would be considered a refusal to attend the hearing, which would then be held in his absence. Significantly, petitioner has failed to demonstrate that his refusal to be handcuffed in this manner was medically justifiable or that injuries which he had sustained required an adjournment of the hearing. Since the record reveals that petitioner was informed of the consequences of failing to appear at the hearing, we conclude that petitioner knowingly and voluntarily waived his right to be present *(cf., Matter of Mallard v Dalsheim, supra).*

Petitioner next contends that the hearing should be annulled because he received ineffective employee assistance. Again, we disagree. The hearing did not commence until four days after the assistant initially presented himself to provide aid to petitioner. Thus, 7 NYCRR 254.6 (a), which prohibits a

hearing from commencing until at least 24 hours after the assistance was provided, was not violated. Contrary to petitioner's assertion, the right to challenge employee assistance was forfeited when petitioner refused to attend the hearing *(see, Matter of Howard v Kelly,* 115 AD2d 1011; *Matter of Morrison v Coughlin,* 101 AD2d 943, 944, *lv denied* 63 NY2d 605), even though his objection antedated his refusal to attend *(cf., Matter of Payne v Smith,* 97 AD2d 960; *People ex rel. Morgan v La Vallee,* 49 AD2d 652, *lv denied* 37 NY2d 710). Similarly, petitioner has not preserved the issue for our review. When petitioner was told that the hearing would proceed without him, he was obliged to bring his objection concerning assistance to the Hearing Officer's attention so that the error, if any, could be corrected *(see, Matter of Geddes v Wilmot,* 111 AD2d 474, 475, *appeal dismissed* 66 NY2d 914). Finally, we note that any error was harmless since petitioner has not demonstrated prejudice by identifying potential witnesses or documentary evidence requiring assistance *(see, Matter of Serrano v Coughlin,* 152 AD2d 790).

Petitioner's remaining arguments have been considered and been found to be either meritless or not properly before this court.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.