In the Matter of HERMAN SANDERS, Respondent, v

THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Travers, J.), entered June 22, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

A misbehavior report charged petitioner, an inmate of Great Meadow Correctional Facility in Washington County, with assaulting a correction officer during a strip search. At the Tier III Superintendent's hearing which followed, the injured officer testified that he received outside hospital treatment and missed approximately seven days of work because of the attack. Petitioner denied the charge and requested that five individuals testify on his behalf. Two of these individuals were employed by the State Commission of Correction as monitors, and were hired to accurately report the activities occurring in special housing units. The Hearing Officer informed petitioner that both monitors refused to be witnesses because of an arrangement then in effect between the Department of Correctional Services and the Commission of Correction which prohibited monitors from testifying in disciplinary proceedings. As the Hearing Officer explained, this prohibition was designed to ensure monitor impartiality (see, Matter of Young v Coughlin, 144 AD2d 753, 754, lv dismissed 74 NY2d 625); this impartiality is an essential element of the monitoring program, which includes among its objectives improvement of the administration of special housing units and the performance of individuals who work in those units.

After two days of hearings, during which petitioner actively participated, the Hearing Officer continued the proceedings in petitioner's absence. At the conclusion of all the testimony, the Hearing Officer determined that substantial evidence supported a finding of guilt. A penalty of two years' confinement to the special housing unit and a corresponding loss of related privileges was imposed. Petitioner thereafter sought, by way of this CPLR article 78 proceeding, to have the determination annulled. Supreme Court granted the petition on the grounds that the Hearing Officer improperly denied petitioner's request to have the monitors testify and arbitrarily continued the hearing in petitioner's absence. We disagree and reverse.

Regulations governing inmate disciplinary proceedings provide that "[i]f permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat

to institutional safety or correctional goals presented" (7 NYCRR 254.5 [a] [emphasis supplied]). Here, however, no such denial took place. The record reflects that the monitors refused to testify of their own accord and that the Hearing Officer simply advised petitioner to that effect. In any event, even were we to conclude that the Hearing Officer denied petitioner's request, the record clearly establishes that the Hearing Officer informed petitioner of his reason for doing so and of the correctional goal underlying the witnesses' absence (cf., Matter of Barnes v LeFevre, 69 NY2d 649, 650; Matter of Boodro v Coughlin, 142 AD2d 820, 823).

Moreover, the Hearing Officer was not required to follow the new Commission of Correction policy, promulgated March 15, 1988, which allows monitors to testify if the Hearing Officer determines that the monitors' log notes are insufficient for proper resolution of the hearing, for this policy was enacted weeks after petitioner's hearing had concluded. And while it may have been judicious for the Hearing Officer to have examined the monitors' log notes once he discovered that the monitors were unavailable to testify, the fact remains that petitioner never requested, until this appeal, that these documents be reviewed. Given this circumstance, the Hearing Officer cannot be faulted for failing to consider these documents (see, Matter of Serrano v Coughlin, 152 AD2d 790, 793).

Nor did the Hearing Officer inappropriately continue the hearing in petitioner's absence. Unless an inmate knowingly, voluntarily and intelligently relinquishes his right to attend the hearing (see, Matter of Al Jihad v Mann, 159 AD2d 914) or his presence would jeopardize institutional safety or correctional goals, he must be present (see, 7 NYCRR 254.6 [b]). In the matter at hand, however, two correction officers testified that petitioner refused to comply with required frisk and restraint procedures and, for this reason, he was not permitted out of his cell. There was also testimony that these were procedures "regularly done when [petitioner] comes out" and that "[petitioner understood] that this Hearing [would] be held without him, if he [did not] comply with those procedures". Additionally, two inmate witnesses conveyed a message to the Hearing Officer from petitioner that although petitioner wanted to be present at the hearing, he would not submit to having his hands cuffed behind his back rather than in front of his body, as he preferred. There being sufficient evidence that petitioner knew his insubmission would preclude his attendance, the Hearing Officer was not, as petitioner urges, under any duty to adjourn the proceedings to further investi-

gate the propriety of petitioner's waiver of his right to be present (see, Matter of Al Jihad v Mann, supra).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.