■ In the Matter of IAN DAWES, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant. [598 NYS2d 579] —Appeal from a judgment of the Supreme Court (Harris, J.), entered March 23, 1992 in Albany County, which, upon reconsideration, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was initially found guilty by respondent after a Superintendent's hearing of violating three disciplinary rules. The determination was affirmed on administrative appeal. After respondent received a letter from Prisoners' Legal Services on behalf of petitioner as a "supplemental appeal", respondent reversed his earlier determination on procedural grounds and a new hearing was ordered. Petitioner brought the instant proceeding to expunge his record, contending that it was improper for respondent to order a new hearing. Upon reconsideration Supreme Court granted the petition, finding that respondent had no authority to *sua sponte* reconsider its final administrative determination. Respondent appeals.

Respondent, in administratively reversing the determination, effectively found that petitioner was denied his right to call witnesses and to be present at the hearing. Given these facts, we agree with Supreme Court's finding that expungement was the proper remedy in this case *(see, Matter of*

*Preston v Coughlin,* 164 AD2d 101; *Matter of Rosario v Seksky,* 162 AD2d 939).

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.