■ In the Matter of DENNIS WEISS, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant. [604 NYS2d 654] —Mercure, J. Appeal from a judgment of the Supreme Court (Cardona, J.), entered July 22, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination following a tier III disciplinary hearing finding him guilty of violating institutional rules during the inmate uprising at Southport Correctional Facility, Chemung County, on May 28-29, 1991. Petitioner did not challenge the substantiality of the evidence upon which the Hearing Officer found him guilty. Rather, he raised four procedural objections: (1) that the Hearing Officer

failed to call as a witness Correction Officer K. Burgett, the officer petitioner is alleged to have threatened with a sharpened stick, (2) that petitioner was improperly excluded from the hearing, (3) that the Hearing Officer failed to electronically record proceedings that took place on July 3, 1991, and (4) that the failure of petitioner's assistant to view a videotape of the riot was a denial of petitioner's due process rights. Supreme Court found that respondent denied petitioner's fundamental rights to be present at the hearing and to call a witness, and that expungement, rather than remittal for a rehearing, was the appropriate remedy. Respondent appeals.

Respondent concedes that the administrative hearing was marred by procedural error and contends only that Supreme Court erred in ordering expungement. We disagree. Expungement is required when "there has been a violation of one of the inmate's fundamental due process rights, as enunciated in *Wolff v McDonnell* [418 US 539]" *(Matter of Hillard v Coughlin,* 187 AD2d 136, 140, *lv denied* 82 NY2d 651; *see, Matter of Torres v Coughlin,* 166 AD2d 793; *Matter of Rosario v Seksky,* 162 AD2d 939, 940-941; *Matter of Taylor v Coughlin,* 158 AD2d 881, 883). Among the fundamental, judicially recognized rights are the right to call witnesses and to be present at the hearing *(see, Wolff v McDonnell, supra; Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146-147; *Matter of Dawes v Coughlin,* 193 AD2d 1047; *Matter of Al Jihad v Mann,* 159 AD2d 914, 915, *lv denied* 76 NY2d 706; *Matter of Williams v Coughlin,* 145 AD2d 771, 772; *Matter of Mallard v Dalsheim,* 97 AD2d 545, 546).*

Here, respondent does not deny petitioner's allegation in paragraph 24 of the petition that he did nothing to disrupt the hearing. Instead, respondent states that the hearing transcript is "the best evidence of what occurred at the hearing and speaks for itself". Inasmuch as a portion of the hearing was not recorded and there is nothing in the record indicating how petitioner was disruptive or whether his exclusion was necessary to further institutional safety or correctional goals, we conclude that petitioner's fundamental right to be present at the hearing was violated *(see, Matter of Dawes v Coughlin, supra).* Similarly, the record provides an insufficient evidentiary basis for the conclusion that Burgett refused to testify

---

* The failure to electronically record a hearing involves a regulatory rather than a fundamental right *(see,* 7 NYCRR 254.6 [b]), and the failure of petitioner's assistant to view a videotape "implicated only the right to confrontation and cross-examination, expressly excluded from the panoply of inmate due process rights" *(Matter of Hillard v Coughlin, supra,* at 140).

for medical reasons *(see, Matter of Codrington v Mann,* 174 AD2d 868, 869; *cf., Matter of Porter v Cuomo,* 191 AD2d 852, 853). In these circumstances, we agree with Supreme Court that the proper remedy was expungement *(see, Matter of Dawes v Coughlin, supra; Matter of Taylor v Coughlin, supra).*

Weiss, P. J., Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.