■ In the Matter of JOHNATHAN JOHNSON, Petitioner, v STEPHEN RACETTE, as Captain at Upstate Correctional Facility, Respondent. [723 NYS2d 414] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review four determinations of the Superintendent of Upstate Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

After separate tier II hearings on four unrelated misbehavior reports charging him with violating various prison disciplinary rules, petitioner was found guilty of most of the charges. The Hearing Officers' decisions were all affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding to review the determinations of guilt.

With regard to the hearing conducted in petitioner's absence, the record demonstrates that petitioner waived the right to at-

---

tend by refusing to comply with restraint procedures after having been duly warned of the consequences of his refusal (*see, Matter of Sanders v Coughlin*, 168 AD2d 719, 721-722, *lv denied* 77 NY2d 806). As a result, petitioner also waived any procedural irregularities that occurred in his absence (*see, Matter of Joyce v Goord*, 246 AD2d 926). Although properly raised at the other hearings, petitioner's claim that he was not provided a copy of the prison disciplinary rules upon his arrival at the facility is unavailing. Petitioner's concession that he previously received copies of the State-wide rule book at other facilities obviated the need to reissue the book to him at a later date (*see, Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 869). We also reject petitioner's claims that the relevant rules were too vague to give him notice that the prohibited conduct included his failure or refusal to return feed-up trays, throwing of milk cartons and refusal to cooperate with correction officers during feed-up.

Contrary to petitioner's claims, the record contains substantial evidence to support the determinations (*see, Matter of Foster v Coughlin*, 76 NY2d 964). With regard to the charges involving the obstruction of the nightlight in his cell, petitioner's claims that he did not put the cover on the light, that his cellmate would not let him remove the cover and that the correction officer did not order him to remove the cover constituted assertions of innocence that created credibility issues for the Hearing Officer to resolve (*see, Matter of Bonez v Clark*, 275 AD2d 853). With regard to the charges arising out of the search of petitioner's cell, petitioner's assertion that his cellmate had access to the area where the contraband was found is insufficient to defeat the inference of possession by petitioner (*see, Matter of Vasquez v Goord*, 263 AD2d 819). Petitioner's remaining contentions have been considered and are found to be lacking in merit. The determinations must, therefore, be confirmed.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.