■ In the Matter of LENARD BERRIAN, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [763 NYS2d 111] —Spain, J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered May 24, 2002 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating prison disciplinary rules prohibiting lewd exposure and fighting. The tier II disciplinary hearing on the lewd exposure charge commenced on November 12, 2001, with petitioner present, but was adjourned so that petitioner's witnesses could be obtained. Two days later, the record indicates that, while being escorted to the tier III hearing on the fighting charge, petitioner began yelling to other inmates and refused several direct orders to quiet down. Once in a waiting area outside the hearing room, he continued yelling, becoming louder and threatening. His behavior disrupted other hearings in process, whereupon he was escorted back to his cell without further incident.

Petitioner's scheduled tier III hearing then commenced without him and, following testimony regarding the aforesaid misconduct, the Hearing Officer—who had overheard the disruption—made a specific finding on the record that petitioner's conduct occurred in connection with the hearing and that petitioner's "continued presence at the hearing room * * * would be a threat to the safety and security of the facility." The Hearing Officer then conducted the hearing without petitioner and found him guilty. Approximately one hour later, the continuation of petitioner's tier II hearing was commenced in petitioner's absence. There, the Hearing Officer took testimony regarding petitioner's earlier conduct and, without summoning petitioner's presence or making any finding of justification on the record, proceeded with the hearing in his absence and sustained the charge. After his administrative appeals of these findings proved unsuccessful, petitioner com-

---

menced this CPLR article 78 proceeding to challenge the determinations. Supreme Court dismissed the petition, prompting this appeal.

As an initial matter, we reject petitioner's challenge to the constitutionality of the statute establishing a reduced filing fee for inmates who have been granted poor person status (*see* CPLR 1101 [f]). Although petitioner contends that this statute discriminates against prison inmates as compared to other poor litigants, we agree with the First Department that this statute is rationally related to the legitimate governmental interest of deterring frivolous prisoner litigation (*see Gomez v Evangelista*, 290 AD2d 351, 352 [2002]).

We now turn to petitioner's assertion that he was improperly deprived of his right to attend the disciplinary hearings. "Unless an inmate knowingly, voluntarily and intelligently relinquishes his right to attend the hearing or his presence would jeopardize institutional safety or correctional goals, he must be present" (*Matter of Sanders v Coughlin*, 168 AD2d 719, 721 [1990] [citations omitted], *lv denied* 77 NY2d 806 [1991]). With respect to the tier III hearing, in light of petitioner's refusal to follow direct orders while awaiting the commencement of the hearing, as well as the fact that his misconduct disrupted other hearings in progress, we are satisfied that the record supports the Hearing Officer's determination that his behavior was a threat to institutional safety and correctional goals, justifying his exclusion from the hearing (*see* 7 NYCRR 254.6 [b]; *Matter of Johnson v Goord*, 297 AD2d 881, 881-882 [2002]). Accordingly, petitioner forfeited his remaining procedural challenges to the tier III proceeding (*see Matter of Caroselli v Duncan*, 290 AD2d 908, 909 [2002], *lv denied* 98 NY2d 604 [2002]; *Matter of Johnson v Racette*, 282 AD2d 899, 899-900 [2001]; *Matter of Kalwasinski v Senkowski*, 244 AD2d 738, 739 [1997]).

We reach a different conclusion, however, with respect to the remainder of petitioner's tier II hearing. No evidence exists that petitioner was aware that his conduct immediately preceding his tier III hearing would result in his exclusion from a subsequent hearing on an unrelated charge in front of a different hearing officer; thus it cannot be said that petitioner knowingly waived his right to be present at that hearing (*cf. Matter of Sanders v Coughlin, supra* at 721-722; *Matter of Al Jihad v Mann*, 159 AD2d 914, 915 [1990], *lv denied* 76 NY2d 706 [1990]). Moreover, the correction officer who escorted petitioner back to his cell reported no further trouble with petitioner. Nevertheless, no attempt was made to produce petitioner for

the conclusion of his tier II hearing despite the fact that, at that time, petitioner's conduct was not interfering with any proceeding in progress (*cf. Matter of Porter v Goord*, 298 AD2d 723, 724 [2002]; *Matter of Dumpson v McGinnis*, 247 AD2d 804, 804 [1998]; *Matter of Samuels v Le Fevre*, 120 AD2d 894, 896 [1986]) and no determination had been made on the record by the Hearing Officer that petitioner's absence was justified. To justify the determination to proceed in petitioner's absence, "the record must show that the Hearing Officer determined that the denial was actually necessary in the particular case to promote 'institutional safety or correctional goals'" (*Matter of Boodro v Coughlin*, 142 AD2d 820, 821 [1988]). On this record, we conclude that there was an insufficient basis upon which to deprive petitioner of his right to be present for the remainder of his tier II hearing (*see id.* at 822-823). Accordingly, petitioner's fundamental due process right to be present at the tier II hearing was violated, requiring expungement (*see Matter of Hakeem v Coombe*, 233 AD2d 805, 806 [1996]; *Matter of Weiss v Coughlin*, 199 AD2d 638, 639-640 [1993]).

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as confirmed the tier II determination; said determination annulled and respondents are directed to expunge all references to said tier II proceeding from petitioner's institutional record and restore any good behavior allowance lost; and, as so modified, affirmed.