■ In the Matter of EDWARD ALEXANDER, Appellant, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [779 NYS2d 606]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 21, 2003 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Between March 15, 2001 and March 18, 2001, petitioner, a prison inmate, was issued five separate misbehavior reports* charging him with, inter alia, refusing direct orders, assaulting staff, violent conduct, possessing unauthorized material, employee interference and harassment. Notably, all five of the ensuing tier III disciplinary hearings were commenced on March 23, 2001 and presided over by the same Hearing Officer. On that day, petitioner was removed from the Hebert proceeding for persistent insolent and disruptive behavior after being warned several times as to the consequences of continuing such behavior. Petitioner, however, was present for the remaining four hearings on that day. The hearings resumed three days later on March 26, 2001. During that morning, petitioner was forcibly removed from the Cook proceeding and a struggle ensued as correction officers brought petitioner back to his cell. As a result of petitioner's violent conduct, as well as his conduct on March 23, 2001, the Hearing Officer ruled, at the beginning of the next hearing, that petitioner had forfeited his right to be present. The Hearing Officer thereafter continued all the proceedings in petitioner's absence, which concluded the next day. All but one of the various charges against petitioner were ultimately sustained.

After petitioner's unsuccessful administrative appeals, he commenced this CPLR article 78 proceeding challenging the determinations of guilt as to the Cook, Baker, Herrick and Premo/Winters proceedings. Supreme Court partially granted the petition by annulling the determination in the Cook proceeding, however, it sustained the determinations of guilt as to the other three proceedings. This appeal ensued.

We are unpersuaded by petitioner's contention that he was

---

* In actuality, there were six reports issued, however, since the reports authored by correction officers Premo and Winters were heard together, we will consider them as if they were one. Furthermore, to minimize confusion, since each report was authored by a different correction officer, the various matters will be referred to as the Cook, Baker, Herrick, Premo/Winters or Hebert proceedings.

improperly excluded from the Baker, Herrick and Premo/ Winters proceedings. The record supports the Hearing Officer's conclusion that barring petitioner from the remaining hearings was necessary in order to preserve "institutional safety or correctional goals," given the proximity in time between the violent outburst and the other hearings, the nature of the outburst itself, and petitioner's prior conduct on March 23, 2001 (7 NYCRR 254.6 [b]; cf. *Matter of Berrian v Selsky*, 306 AD2d 771, 772-773 [2003], *appeal dismissed* 100 NY2d 631 [2003]; *Matter of Boodro v Coughlin*, 142 AD2d 820, 821-823 [1988]). As such, under the particular circumstances of this case, we cannot say that the Hearing Officer abused his discretion in removing petitioner from the remaining hearings (*see Matter of Bernier v Goord*, 3 AD3d 746 [2004]).

Mercure, Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.