■ In the Matter of Brandon Holmes, Respondent, v Curtis Drown, as Hearing Officer, Appellant. [804 NYS2d 823]—

Peters, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 13, 2004 in Clinton County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in

Clinton County, was charged with assaulting another inmate, engaging in violent conduct and possession of a weapon. At a tier III disciplinary hearing where respondent was presiding, petitioner was expelled from the hearing because he repeatedly interrupted, refused to obey instructions and made requests that respondent found to be deliberately designed to harass and frustrate the hearing process. Petitioner was found guilty of all charges and a penalty of 18 months in the special housing unit, with a corresponding loss of package, commissary and phone privileges, was imposed. The disposition was affirmed on administrative appeal and petitioner's request for reconsideration was denied. In this CPLR article 78 proceeding challenging the determination of guilt, petitioner alleges that he was improperly excluded from the hearing and denied his right to respond to the charges. Supreme Court agreed, respondent appeals and we affirm.

An inmate has a fundamental right to be present at a Superintendent's hearing "unless he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals" (7 NYCRR 254.6 [a] [2]; *see Matter of Alexander v Ricks*, 8 AD3d 942, 944 [2004]; *Matter of Berrian v Selsky*, 306 AD2d 771, 772 [2003], *appeal dismissed* 100 NY2d 631 [2003], *cert denied* 543 US 841 [2004]). When an inmate is denied his right to be present, the record must contain the basis underlying a hearing officer's determination (*see Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003 [1985]; *Matter of Boodro v Coughlin*, 142 AD2d 820, 821-822 [1988]). Here, there was no indication that petitioner posed a threat to institutional safety or correctional goals. The record, instead, demonstrates that petitioner slowed the hearing process by asking questions about information that he thought could vindicate him. At no time, however, did petitioner's behavior rise to the level of disruption that would have necessitated his removal (*see Matter of Alexander v Ricks*, *supra* at 943; *Matter of Berrian v Selsky*, *supra* at 772; *but see Matter of Beckles v Selsky*, 273 AD2d 584 [2000], *lv denied* 95 NY2d 764 [2000]; *Matter of Dumpson v McGinnis*, 247 AD2d 804 [1998]; *Matter of Joyce v Goord*, 246 AD2d 926 [1998]; *Matter of Jones v Selsky*, 223 AD2d 990 [1996]; *Matter of Garcia v Coughlin*, 194 AD2d 896 [1993]).

Although this determination obviates our need to review the procedural errors raised by petitioner, we note that had we reviewed them, we would have found them to be without merit.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.