◼ In the Matter of SHAWN CORNWALL, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [911 NYS2d 239]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered June 2, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

A female correction officer was walking by petitioner's prison cell during morning count and observed him nude and masturbating with his light on. The officer instructed petitioner to put his clothes back on and, after she returned to find he was still nude and masturbating, he was served with a misbehavior report charging him with refusing a direct order and lewd conduct. Petitioner was found guilty after a tier III disciplinary hearing and that determination was affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner now appeals.

We reverse. An inmate has a fundamental right to be present during a prison disciplinary hearing unless he or she is " 'excluded for reasons of institutional safety or correctional goals' " (*Matter of Holmes v Drown*, 23 AD3d 793, 794 [2005], quoting 7 NYCRR 254.6 [a] [2]). Here, during the testimony of

the correction officer involved in the incident, petitioner was attempting to elicit information with regard to whether he should have been aware that she was "on the company" and that she was giving him the direct order to put on his clothes. However, petitioner's inartful attempts to pose these questions frequently took the form of statements. In response, the Hearing Officer entreated petitioner to ask questions and then, abruptly and without warning, he had petitioner removed from the hearing. While petitioner's inability to formulate questions was undoubtedly a source of irritation for the Hearing Officer, our review of the record reveals no evidence that petitioner's behavior rose to the level of disruption that justified his exclusion from the proceedings (*see Matter of Holmes v Drown*, 23 AD3d at 794; *Matter of Boodro v Coughlin*, 142 AD2d 820, 821 [1988]; *compare Matter of Odom v Fischer*, 65 AD3d 1425, 1426 [2009]; *Matter of Raqiyb v Goord*, 24 AD3d 1013, 1013 [2005]).

In light of our holding, the remainder of petitioner's procedural arguments have been rendered academic.

Cardona, P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and respondent is directed to expunge all references thereto from petitioner's institutional record.