■ In the Matter of PERCY D. WEST, Appellant, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [947 NYS2d 217]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Cerio Jr., J.), entered July 22, 2011 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with soliciting a sexual act, engaging in lewd conduct and violating visiting room procedures after a correction officer allegedly witnessed him masturbating and engaging in other prohibited conduct with his wife during a visit. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner's subsequent administrative appeal proved

to be unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination. Supreme Court dismissed the petition and petitioner now appeals.

We reverse. "An inmate has a fundamental right to be present during a prison disciplinary hearing unless he or she is excluded for reasons of institutional safety or correctional goals" (*Matter of Cornwall v Fischer*, 78 AD3d 1337, 1337-1338 [2010] [internal quotation marks and citations omitted]). Here, during the preliminary stages of the hearing, petitioner was asked by the Hearing Officer whether he was satisfied with his employee assistance, and petitioner responded that he had been told by his assistant that he would be permitted to view a videotape of the incident prior to the hearing. The Hearing Officer denied that request. When petitioner attempted to register his objection and reiterate his desire to view the tape before the hearing in order to prepare his defense, the Hearing Officer had petitioner removed from the hearing—citing petitioner's frequent interruptions. Although the record reveals that petitioner interrupted the Hearing Officer once during this brief exchange, our review does not demonstrate that petitioner's behavior rose to the level of disruption required to warrant his exclusion from the hearing (*see Matter of Cornwall v Fischer*, 78 AD3d at 1338; *Matter of Holmes v Drown*, 23 AD3d 793, 794 [2005]; *compare Matter of Pitts v Fischer*, 54 AD3d 477 [2008]; *Matter of Marie v Goord*, 34 AD3d 1019 [2006]). In light of our holding, the remainder of petitioner's procedural arguments are academic.

Mercure, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record.