Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
A correction officer was preparing a group of inmates to move from their cells to the exercise yard. Petitioner, who was handcuffed, was backing out of his cell when he turned and struck the officer in the hand. The officer, in turn, used force to gain control of petitioner and gave him several direct orders to stop resisting, which he ignored. Ultimately, the officer gained control of petitioner without further incident. The exercise program, however, was delayed as a result of petitioner’s actions. Petitioner was subsequently charged in a misbehavior report with assaulting staff, engaging in violent conduct, refusing a direct order and interfering with an employee.
A tier III disciplinary hearing was commenced, but was discontinued after the Hearing Officer assigned to conduct it recused himself. The record of this hearing was destroyed and a new hearing presided over by a different Hearing Officer was begun. Fairly early in the hearing, the Hearing Officer removed petitioner and conducted the remainder of the hearing in his absence. At the conclusion of the hearing, petitioner was found guilty of the charges. The determination was affirmed on *999 administrative appeal and this CPLR article 78 proceeding ensued.
It is well settled that “[a]n inmate has a fundamental right to be present during a prison disciplinary hearing unless he or she is excluded for reasons of institutional safety or correctional goals” (Matter of Cornwall v Fischer, 78 AD3d 1337, 1337 [2010] [internal quotation marks and citations omitted]). Here, petitioner objected to the continuation of the hearing after the prior Hearing Officer’s recusal. It appears that the Hearing Officer became frustrated with petitioner’s unwillingness to move forward and warned him that he could be removed. Petitioner then ceased objecting, entered his pleas of not guilty to the charges and stated that he wished to put “a lot” on the record. However, he then twice asked a question that the Hearing Officer apparently deemed irrelevant, and was abruptly removed from the hearing. Under these circumstances, we do not find that petitioner’s conduct rose to the level of disruption that warranted excluding him from the remainder of the hearing (see Matter of West v Prack, 96 AD3d 1314, 1315 [2012]; Matter of Cornwall v Fischer, 78 AD3d at 1338; compare Matter of Barnes v Prack, 101 AD3d 1277, 1278-1279 [2012]). Accordingly, the determination must be annulled. In view of our disposition, we need not address petitioner’s remaining claims.
Peters, P.J., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record and to restore any good time taken as a result thereof.