■ In the Matter of Jessie J. Barnes, Appellant, v Albert Prack, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [971 NYS2d 359]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 4, 2012 in Franklin County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

When a correction officer delivered legal mail to petitioner and requested him to sign for it, petitioner became agitated, used profanity toward the officer and threatened to harm the officer and his family when he was released from prison. As a result, petitioner was charged in a misbehavior report with five disciplinary infractions. The following day, petitioner insisted that a facility nurse take him on an emergency sick call and, when the nurse did not comply with his demand, he became loud, disruptive and shouted at her, calling her a vulgar name. Consequently, he was charged in a second misbehavior report with two additional disciplinary infractions.

A tier III disciplinary hearing was subsequently conducted on the charges contained in both reports. At the inception of the hearing, the Hearing Officer recounted that, earlier in the day, he had presided over another hearing involving petitioner and that petitioner came to the hearing with clenched fists, made threatening gestures and accused the Hearing Officer of instructing correction officers to assault him. The Hearing Officer noted that, in view of this, as well as the fact that petitioner had seriously assaulted staff on three occasions in the past three months, he was going to conduct the hearing in petitioner's absence. The Hearing Officer did so and found petitioner not guilty of the charges contained in the second misbehavior report, but guilty of four of the five charges contained in the first misbehavior report.[1] The determination of guilt was affirmed on administrative appeal and petitioner then commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

We affirm. It is well settled that an inmate has a fundamental right to be present at a disciplinary hearing, unless "he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals" (7 NYCRR 254.6 [a] [2]; *see Matter of West v Prack*, 96 AD3d 1314, 1315 [2012]; *Matter of Cornwall v Fischer*, 78 AD3d 1337, 1337-1338 [2010]). When an inmate is denied the right to be present at a hearing, there must be a factual basis in the record supporting the Hearing Officer's decision (*see Matter of Holmes v Drown*, 23 AD3d 793, 794 [2005]; *Matter of Dawes v Coughlin*, 176 AD2d 415, 415 [1991], *lv denied*

---

1. The hearing disposition is silent as to the remaining charge contained in the first misbehavior report.

79 NY2d 751 [1991]). Here, the Hearing Officer set forth on the record his reasons for excluding petitioner from the hearing, including petitioner's menacing conduct at a hearing earlier that same day, which he personally witnessed,[2] as well as petitioner's multiple assaults on staff during the past several months. Based upon these incidents, the Hearing Officer could reasonably conclude that petitioner's presence at the hearing would jeopardize institutional safety and correctional goals. Accordingly, we do not find that the Hearing Officer abused his discretion in excluding petitioner from the hearing (see Matter of Alexander v Ricks, 8 AD3d 942, 944 [2004]; compare Matter of Berrian v Selsky, 306 AD2d 771, 772 [2003], appeal dismissed 100 NY2d 631 [2003], cert denied 543 US 841 [2004]). Furthermore, upon reviewing the record, we find nothing to indicate that petitioner was denied a fair and impartial hearing or that the determination flowed from any alleged bias on the part of the Hearing Officer (see Matter of Henderson v Fischer, 98 AD3d 1162, 1163 [2012]; Matter of Fragosa v Miller, 95 AD3d 1524, 1525 [2012]). Therefore, Supreme Court properly dismissed the petition.

Petitioner's remaining contentions, to the extent not specifically addressed herein, have been considered and are without merit.

Rose, J.P., Stein, McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2012 NY Slip Op 31336(U).]**

---

2. Petitioner has not disputed the Hearing Officer's characterization of such conduct.