Appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered July 24, 2012 in Chemung County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a sharpened toothbrush was recovered during a search of his cell, petitioner was charged with violating the prison disciplinary rules prohibiting the possession of weapons and altered items. He ultimately was found guilty as charged, and that determination was affirmed upon administrative appeal. *1033 Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent’s determination. Supreme Court dismissed the petition, and petitioner now appeals.
We reverse. “An inmate has a fundamental right to be present during a prison disciplinary hearing unless he or she is excluded for reasons of institutional safety or correctional goals” (Matter of Cornwall v Fischer, 78 AD3d 1337, 1337 [2010] [internal quotation marks and citations omitted]). Petitioner here was first warned that he could be removed from the hearing after he attempted to suggest questions for a witness he had requested who claimed to have been threatened and refused to testify. The Hearing Officer then invited petitioner to explain his defense, namely, that the author of the misbehavior report had set him up after they had sexual contact. Petitioner referred to the officer by her first name, prompting the Hearing Officer to direct him to refrain from doing so. Petitioner then attempted to explain — despite the Hearing Officer’s repeated interruptions — that the officer “told me to call her” by her first name and that such was “the only way” he could accurately describe what had occurred. Instead of allowing petitioner to explain further or present his account of events, however, the Hearing Officer abruptly cut petitioner off and removed him from the hearing. Even if petitioner’s conduct could legitimately be viewed as indecorous or disrespectful, “our review of the record reveals no evidence that [it] rose to the level of disruption that justified his exclusion from the proceedings” (id. at 1338; see Matter of Boodro v Coughlin, 142 AD2d 820, 822 [1988]). Accordingly, the determination of guilt is annulled. In light of this conclusion, we need not address the remaining arguments raised by petitioner.
Peters, PJ., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and respondent is directed to expunge all references to this matter from petitioner’s institutional record.