Matter of Clark v Jordan (2019 NY Slip Op 08757)





Matter of Clark v Jordan


2019 NY Slip Op 08757


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

529498

[*1]In the Matter of Jahmel Clark, Petitioner,
v
Lieutenant Jordan, as Hearing Officer, Sullivan Correctional Facility, Respondent.

Calendar Date: November 8, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Jahmel Clark, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
After a strong odor of marihuana was detected emanating from petitioner's cell and he was observed appearing to be under the influence of drugs, petitioner was directed to produce a urine sample for testing but claimed that he was unable to do so. Petitioner was advised of the consequences of refusing to produce a urine sample and that he would be allowed three hours in which to produce the sample. After approximately one hour, petitioner indicated that he was refusing to provide the sample, and he was charged in a misbehavior report with violating urinalysis testing procedures. Following a tier II disciplinary hearing, petitioner was found guilty as charged and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
"An inmate has a fundamental right to be present at a Superintendent's hearing 'unless he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals'" (Matter of Holmes v Drown, 23 AD3d 793, 794 [2005], quoting 7 NYCRR 254.6 [a] [2]). The record reflects that, early in the hearing, petitioner asked respondent to recuse himself because petitioner had previously filed a complaint against him and perceived him to be biased. Respondent denied petitioner's recusal request, stating that the complaint would not prevent him from providing petitioner with a fair hearing. Petitioner objected and, thereafter, twice interrupted respondent and complained that respondent had become "hostile" toward him. Respondent directed petitioner to stop interrupting him, warned him that continued interruptions would result in his removal from the hearing and sought petitioner's acknowledgement that he understood that warning. Petitioner refused to acknowledge the warning, stating that it lacked any basis and that he was "only trying to participate in th[e] hearing." Respondent then abruptly removed petitioner from the hearing, seemingly because petitioner refused to acknowledge the warning. Although several adjournments were taken that day to secure witnesses, petitioner was never brought back into the hearing. Our review of the record does not demonstrate that petitioner's briefly argumentative behavior rose to the level of justifying his removal for the entire hearing or that his conduct jeopardized institutional safety and correctional goals (see Matter of West v Prack, 96 AD3d 1314, 1315 [2012]; Matter of Cornwall v Fischer, 78 AD3d 1337, 1338 [2010]; Matter of Holmes v Drown, 23 AD3d at 794). Accordingly, the determination must be annulled.
In light of our determination, we need not address petitioner's remaining arguments.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and the Superintendent of Sullivan Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record and to restore any good time taken as a result thereof.