Matter of Barnes v Rodriguez (2024 NY Slip Op 00345)

Matter of Barnes v Rodriguez

2024 NY Slip Op 00345

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

CV-23-0794
[*1]In the Matter of Jessie J. Barnes, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:January 5, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Jessie J. Barnes, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with disobeying a direct order, assaulting staff, engaging in violent conduct and committing an unhygienic act. The charges stemmed from an incident wherein petitioner refused repeated orders to place his food trays in the feed-up hatch and thereafter threw his trays at a correction officer, striking the officer in the face. Prior to the start of the tier III disciplinary hearing, petitioner engaged in disruptive conduct in the holding area, prompting the Hearing Officer to warn petitioner that, if such behavior continued, the hearing would be conducted in petitioner's absence. When petitioner continued to yell and threaten staff, the Hearing Officer had petitioner returned to his cell and conducted the hearing without him. After reading the misbehavior report into the record, the Hearing Officer found petitioner guilty of all charges, and a penalty was imposed. Petitioner's subsequent administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.
Petitioner initially contends that the petition does not raise a question of substantial evidence and, hence, Supreme Court erroneously transferred the matter to this Court. Petitioner further argues that the Attorney General's request to transfer this matter constitutes frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (2). Upon reviewing the underlying petition, we disagree. Petitioner alleged that the author of the misbehavior report had engaged in a "consistent pattern of abuse" against him, that the misbehavior report was written in retaliation for petitioner filing grievances against the correction officer in question and that a videotape of the incident would exonerate petitioner of all charges. Such claims clearly "implicate the sufficiency of the evidence upon which the determination of guilt is based," thereby presenting an issue of substantial evidence that, in turn, warranted transfer to this Court (Matter of Bonez v Commissioner of Prison Sys. of State of N.Y., Dept. of Corrections, 65 AD3d 1411, 1411 [3d Dept 2009]; see generally Matter of Giano v Prack, 138 AD3d 1285, 1285 [3d Dept 2016], lv denied 27 NY3d 912 [2016]). As this proceeding was properly transferred, petitioner's frivolous conduct claim necessarily fails. However, inasmuch as petitioner has not challenged the determination on the merits in his brief, we deem any arguments in this regard to be abandoned (see e.g. Matter of Gonzalez v Annucci, 171 AD3d 1265, 1266 [3d Dept 2019]; Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1471 [3d Dept 2017]).
Finally, to the extent that petitioner's brief may [*2]be read as asserting a due process violation based upon the disciplinary hearing being conducted in his absence, "the Hearing Officer set forth on the record his reasons for excluding petitioner from the hearing," including petitioner's disruptive, argumentative and threatening conduct while petitioner was in a holding area awaiting the start of his hearing — conduct that the Hearing Officer personally witnessed (Matter of Barnes v Prack, 109 AD3d 1028, 1030 [3d Dept 2013]; see generally Matter of Sowell v Fischer, 116 AD3d 1308, 1309 [3d Dept 2014], appeal dismissed & lv denied 24 NY3d 933 [2014]). Petitioner was warned that further outbursts would result in the hearing being conducted in his absence and, when petitioner "continued to yell and make threats toward staff," "the Hearing Officer could reasonably conclude that petitioner's presence at the hearing would jeopardize institutional safety and correctional goals" (Matter of Barnes v Prack, 109 AD3d at 1030). We therefore find that the Hearing Officer did not abuse his discretion in excluding petitioner from the hearing.
Egan Jr., J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.